UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeanette Davis, #847988,

     Plaintiff,  Case No. 18-cv-10075

v.         Judith E. Levy
         United States District Judge
Renee Thomas, et al.,
         Mag. Judge Stephanie Dawkins
     Defendants. Davis

_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT IN PART AND DENYING PLAINTIFF'S MOTION TO APPOINT AN ATTORNEY**

**I. Introduction**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Jeannette Dominique Davis, confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, alleges that she was improperly sprayed with pepper spray following an altercation with another inmate, that she was denied proper medical care following the incident, that a corrections officer falsified documents during the disciplinary process, that prison officials failed to properly respond to her grievances, and that she was placed in administrative

segregation in retaliation for filing a grievance. She names Corrections Officer Renee Thomas, (former) Warden Millicent Warren, Residential Unit Manager Alan Greason, Lieutenant V. Gauci, Sergeant C. White, Nurse Hammon, (former) Michigan Department of Corrections Director Daniel Heyns, and Grievance Coordinators Bragg and Boa as the defendants in this action. She sues defendants in their individual and official capacities and seeks declaratory relief, monetary damages, and any other appropriate relief. The Court has granted plaintiff leave to proceed without prepayment of the fees and costs for this action. (Dkt. 5).

## II. Discussion

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations,

2

it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (applying this standard to government entities, officers, and employees as defendants). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that portions of plaintiff's complaint are subject to summary dismissal.

The claims against defendants Warren, Greason, Gauci, White, Heyns, Bragg, and Boa must be dismissed. Plaintiff fails to allege facts demonstrating the personal involvement of those defendants in the claimed instances of unconstitutional conduct giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of*

4

*Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Warren, Greason, Gauci, White, Heyns, Bragg, and Boa. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678 (pleadings require "more than a sheer possibility defendant has acted unlawfully").

In addition, bare assertions that those defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances or complaints, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (noting "that § 1983 liability must be based on more than respondeat superior, or the right to control employees" and absolving prison officials of liability where the plaintiff failed to show, beyond his pleadings, that the defendant officials did more than "the den[y] administrative grievances or [] fail[] to act"); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (dismissing a defendant because his "only

5

involvement was the denial of the appeal of the grievance," and, "[t]o the extent that defendant McGinnis is sued because of his past position of authority, the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel"). To state a claim for failure to supervise under § 1983, plaintiff must allege that "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). Plaintiff makes no such allegation here.

Moreover, to the extent plaintiff asserts that one or more of the defendants violated her constitutional rights by denying her grievances, she fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider,

respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 465 (1979) ("[T]he First Amendment does not impose any affirmative obligation on the government to listen [or] to respond . . ."); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). Moreover, an inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005). To the extent that plaintiff is dissatisfied with the investigation of her concerns and responses to her grievance, she fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) ("Although a prisoner has a First Amendment right to file grievances against prison officials, a state has no federal due process obligation to follow all of its grievance procedures.") (internal citations removed).

Additionally, plaintiff also fails to state a claim upon which relief may be granted against defendant Thomas regarding the alleged

7

falsification of documents during the disciplinary process. "False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004) (citing *Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring)). Though plaintiff alleges that defendant Thomas "falsified documents" during the "ticket writing process," there is no indication any defendant deprived her of due process in resolving the ticket. (Dkt. 1 at 7.) Instead, she was able to avail herself of the prison's full grievance procedure, and does not point to any facts demonstrating the grievance procedure was not a "fair hearing." *See Cromer*, 103 F. App'x at 573. Accordingly, plaintiff fails to state a claim as to this issue. *See id.*

Finally, plaintiff's claims for declaratory relief and monetary damages against all defendants in their official capacities are subject to dismissal on the basis of immunity. The Eleventh Amendment bars civil rights actions against a state, its agencies, and its departments unless the state has waived its immunity or Congress has abrogated it. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The

8

state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory, or monetary relief against the state and its departments . . ." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity also prevents plaintiff from recovering money damages against prison officials sued in their official capacities. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Accordingly, defendants are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for declaratory relief and monetary damages against defendants in their official capacities must be dismissed.

Having reviewed the complaint and applied the liberal pleading standard for pro se actions, the Court finds that the claims against

9

defendants Thomas, Hammon, and Gauzi in their individual capacities concerning the alleged instances of cruel and unusual punishment may proceed. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (the Eighth Amendment protects prisoners from the use of excessive force and unwarranted physical assaults by prison officials); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (same); *see also Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Plaintiff's claims against those defendants for lack of medical care and retaliation also survive. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (ruling that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) (establishing a claim for retaliation where a state official takes action improperly based on constitutionally protected conduct); *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc) (applying constitutional retaliation claims to prisoners). On these issues, plaintiff has pleaded sufficient facts to state a claim for which relief may be granted. Service of those claims upon the remaining defendants is therefore appropriate.

**III. Conclusion**

For the reasons stated above, the Court concludes that plaintiff fails to state a claim upon which relief may be granted against defendants Warren, Greason, Gauci, White, Heyns, Bragg, and Boa. Accordingly, the Court **DISMISSES WITH PREJUDICE** the claims against those defendants. The Court also concludes that plaintiff fails to state a claim upon which relief may be granted against defendant Thomas regarding alleged falsified documents during the disciplinary process. Accordingly, the Court **DISMISSES WITH PREJUDICE** that claim against defendant Thomas.

The Court also concludes that all of the defendants are entitled to Eleventh Amendment immunity on plaintiff's claims for declaratory relief and monetary damages against them in their official capacities. Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff's claims for declaratory relief and monetary damages against the defendants in their official capacities.

The Court further concludes that the cruel and unusual punishment, lack of medical care, and retaliation claims against defendants Thomas, Hammon, and Gauzi are not subject to summary

11

dismissal. Accordingly, the Court **DIRECTS** plaintiff to provide the Court with **3 copies** of the complaint within **30 days** of the filing date of this order so that service may be effectuated. The Court shall provide plaintiff with one copy of the complaint, which should be returned to the Court with the additional copies. Failure to comply with this order may result in dismissal of this action.

In addition, plaintiff's request for the appointment of a lawyer is denied at this time. 28 U.S.C. § 1915(e) permits the Court in a civil case proceeding without payment of fees to "request an attorney to represent any person unable to afford counsel" but does not require that an attorney be appointed. At this early stage of the case, plaintiff's request is denied. However, the Court will revisit this decision as the case develops.

An appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: January 31, 2018         s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2018.

                                            s/Shawna Burns
                                            SHAWNA BURNS
                                            Case Manager