# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jeannette D. Davis,

        Plaintiff,        Case No. 18-cv-10075

v.        Judith E. Levy
        United States District Judge

Renee Thomas, Millicent Warren,
Alan Greason, Vincent Gauci, C.    Mag. Judge Stephanie Dawkins
White, Katherine Hammons,    Davis
Daniel Heyns, Bragg, and Boa,

        Defendants.

_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION [28]**

Before the Court is Magistrate Judge Stephanie Dawkins Davis's Report and Recommendation ("R&R") recommending that the Court grant defendants Renee Thomas and Vincent Gauci's, as well as defendant Katherine Hammons' motions for summary judgment (Dkts. 17, 23). The R&R recommends granting summary disposition in favor of defendants because plaintiff, Jeannette Davis' claims are untimely, and, even if timely, because she failed to properly exhaust her administrative remedies with the Michigan Department of Corrections ("MDOC").

Accordingly, Judge Davis did not reach plaintiff's claims on the merits. Plaintiff filed two objections to the R&R (Dkt. 29) and defendants responded (Dkt. 30). For reasons set forth below, both objections are overruled, and the R&R is adopted in full.

## I. Background

Plaintiff brought this claim *pro se* under 42 U.S.C. § 1983 against various MDOC employees based on an incident that occurred while she was incarcerated. Her claims primarily revolve around the MDOC employees' response to an altercation, during which plaintiff's face was sprayed with some sort of chemical agent that allegedly caused plaintiff's diagnosis of glaucoma. After summary dismissal of some defendants (Dkt. 7), only claims against defendants Officer Renee Thomas, Lieutenant Vincent Gauci, and Katherine Hammons survived.

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The Court incorporates the factual background from the R&R as if set forth herein.

## II. Legal Standard

Parties are required to make specific objections to specific errors in a magistrate judge's report and recommendation rather than restate

2

arguments already presented to and considered by the magistrate judge. *Funderburg v. Comm'r of Soc. Sec.*, Case No. 15-cv-10068, 2016 U.S. Dist. LEXIS 36492, at *1 (E.D. Mich. Mar. 22, 2016); *see also Coleman-Bey v. Bouchard*, 287 F. App'x 420, 421–22 (6th Cir. 2008) ("Appellant's objections merely restate his First Amendment claim, which was rejected for the reasons stated in the magistrate judge's report and recommendation."). The Court reviews proper objections to the magistrate judge's recommended disposition de novo. Fed. R. Civ. P. 72.

### III. Objection One

In her first objection, plaintiff improperly restates arguments that were before the Magistrate Judge. First, she reargues that she diligently pursued her administrative appeals. She also argues that Judge Davis failed to consider "documented clerical errors made by the defendant(s) . . . that delayed" her administrative appeals process (Dkt. 29 at 3), but she does not identify for the Court what these clerical errors were. Finally, she improperly argues the merits of her constitutional claim in her first objection. Because Judge Davis did not reach the merits of her

3

claim, there can be no error regarding an analysis of the merits. As such, this objection is improper.[1]

And in any event, Judge Davis was correct regarding plaintiff's contentions about pursuing the administrative process. The Supreme Court has held that *proper* exhaustion is required to exhaust administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 83, 90–91 (2006). This "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). The evidence before the Court, however, is that plaintiff failed to comply with administrative appeals procedures outlined by the MDOC such that it did not address plaintiff's claims on the merits. (*See* Dkt. 26-1 at 51.) Though plaintiff was pursuing her administrative remedies in some capacity, she did not do so in accordance with the necessary procedures.

---

[1] Plaintiff also points out a factual error. Judge Davis stated that plaintiff was diagnosed with glaucoma on July 3, 2017, but plaintiff states it was on August 22, 2017. Plaintiff has not identified—and the Court has not independently determined—how this potential factual error undermines the substantive conclusions of the R&R, so the Court need not address it.

Because the Court has not identified a proper basis for plaintiff's first objection, and Judge Davis' analysis on these issues was correct in the first instance, the objection is overruled.

**IV.  Objection Two**

Plaintiff's second objection relates to the R&R's calculation of the tolling of the statute of limitations. Plaintiff argues that, rather than the tolling period for her claims concluding when the MDOC denied her Step III appeal, the statute of limitations should have continued to toll until the time she asserts that she actually became aware of the MDOC's Step III denial. The Court will liberally construe plaintiff's objection to argue that Judge Davis should have applied some sort of equitable tolling doctrine during the period after the initial issuance of the Step III denial in August of 2014 and the date plaintiff alleges she became aware of the denial—when she received a letter from the MDOC Office of Legal Affairs on May 17, 2015.

There is no support for the application of equitable tolling to exhaustion of remedies in the § 1983 prison litigation context. Moreover, even where equitable tolling principles apply in the Sixth Circuit, they are applied sparingly. Application of equitable tolling is appropriate

5

where a plaintiff may not have known the act giving rise to her injuries and requires the plaintiff to demonstrate that she "had been pursuing her rights diligently." *See Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004).[2]

But assuming that equitable tolling were to apply here, it would still be inappropriate. First, plaintiff certainly knew of the acts giving rise to her injuries, as "evidenced by [her] filing of administrative grievances." *See id*. In addition, Judge Davis made an apt observation in the R&R regarding plaintiff's pursuit of these remedies, noting that plaintiff has "offer[ed] no explanation as to why she waited some 14 months after officials received her Step II grievances on March 11, 2014 and some 10 months after officials received her Step III grievance on July 2, 2014 to inquire about the Step III status." (Dkt. 28 at 12.) Plaintiff's failure to provide an explanation on this point persuades the Court that she has not diligently pursued her rights. The Court appreciates plaintiff's assertions that she was pursuing her administrative remedies

---

[2] In full, the doctrine requires a showing that "plaintiff lacked actual or constructive notice of the filing requirements, diligently pursued [her] rights, tolling would not prejudice the defendant, and the plaintiff was reasonably ignorant of the notice requirement." *Id*.

in a manner she believed appropriate under the circumstances. But for better or worse, the law requires more. She must pursue her claims diligently, and, in the manner prescribed by the MDOC, and because she did not, her second objection is overruled.

## V. Conclusion

The Court agrees with the analysis and recommendation set forth in the R&R. Accordingly,

The Report and Recommendation (Dkt. 28) is **ADOPTED**;

Defendant Thomas and Gauci's motion for summary judgment (Dkt. 17) is **GRANTED;** and

Defendant Hammons' motion for summary judgment (Dkt. 23) is **GRANTED**.

IT IS SO ORDERED.

Dated: March 26, 2019          s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager
